IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARTHUR L. FAIRLEY, on behalf of
himself and those similarly situated                                    PLAINTIFF

v.                                                                   CAUSE NO. 1:15CV47-LG-RHW

KNIGHTS' MARINE AND INDUSTRIAL
SERVICES, INC., DAVID KNIGHT, and
BRIAN KNIGHT                                                             DEFENDANTS

### ORDER GRANTING MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FOR COURT APPROVED <u>NOTICE TO POTENTIAL PLAINTIFFS</u>

BEFORE THE COURT is the Motion [3] to Conditionally Certify Collective Action and For Court Approved Notice to Potential Plaintiffs, filed by Plaintiff Arthur Fairley in this Fair Labor Standards Act case. The Motion has been fully briefed by the parties. Having considered the parties' submissions and the applicable law, the Court is of the opinion that Fairley has shown that he is entitled to conditional certification of this case as a collective action, and that he should be permitted to provide notice of the collective action to potential opt-in plaintiffs.

BACKGROUND

Fairley was employed by Knights' Marine and Industrial Services, Inc. as a pipefitter for approximately eight months in 2013. (Pl. Mot. Ex. A 1, ECF No. 3-1). He contends that when he was hired, he was promised hourly pay of twenty-four dollars. His actual pay, however, was divided into twelve dollars per hour for wages and twelve dollars per hour for per diem. Overtime was compensated at the rate of eighteen dollars per hour, but there was no change to the per diem rate. (*Id*. at 1,

2). Because overtime pay was calculated based on twelve dollars per hour rather than the twenty four dollars per hour he was promised, he contends his overtime pay was less than the one-and-a-half times base pay required by the FLSA. Fairley states that he spoke with many of his co-employees, who indicated they were paid in the same manner. He now requests that the Court conditionally certify this FLSA action as a collective action, and, further, that the Court provide for notice to potential plaintiffs. Knights' Marine argues that certification should be denied on the basis of the first-to-file rule, and because Fairley has not submitted sufficient evidence to support certification.

## THE LEGAL STANDARD

The FLSA requires covered employers to compensate nonexempt employees at overtime rates when they work in excess of forty hours per week. *See* 29 U.S.C. § 207(a). Under certain circumstances, the FLSA permits an employee to bring suit against an employer "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). "Plaintiffs who desire to join in a 'collective action' must 'opt in' to the case and be bound by a judgment, unlike plaintiffs in a [Federal Rule of Civil Procedure 23] class action, who must essentially 'opt out.'" *Harris v. Hinds Cnty.*, No. 3:12-cv-00542-CWR-LRA, 2014 WL 457913, at *1 (S.D. Miss. Feb. 4, 2014). "If the [c]ourt decides to conditionally certify the class, putative class members are given notice, an opportunity to opt in to the litigation, and adequate time for discovery." *Id.* at *2. Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the

action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court . . . ." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct 1523, 1530 (2013) (internal citation omitted).

"District courts have discretion in determining whether to order court-supervised notice to prospective plaintiffs." *Harris*, 2014 WL 457913, at *1 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). In doing so, courts in this Circuit employ the method set forth in *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992). *See Harris*, 2014 WL 457913, at *2.

The *Lusardi* approach relies on the pleadings and any affidavits submitted. *Harris*, 2014 WL 457913, at *2. A plaintiff "must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Id.* (citation and quotation marks omitted). "The lenient standard requires at least a modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citation and quotation marks omitted). The Court should "deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* (citation and quotation marks omitted).

## DISCUSSION

Fairley requests that the Court conditionally certify a representational class, described as:

> all current and former Pipefitters, Structural Welders, Pipe Welders, Shipfitters, Electricians and Outside Machinists, who worked for Defendants at any time within the last three (3) years, who worked more than forty (40) hours in one or more workweeks, and who were subjected to Defendants' illegal practice of failing to include "per diem" payments in the calculation of their regular rate (and overtime) each week.

(Pl. Mem. 2, ECF No. 4). In support of his request for conditional certification, Fairley provided his own affidavit, as well as affidavits from three other similarly-situated former employees of Defendants. Each of these affidavits is by a person employed by Knights' Marine in a position within the class description above, and describes the same pay scheme.[1] (*See* Pl. Mot. Ex. A, E, F, and G, ECF Nos. 3-1, 3-5, 3-6, and 3-7). Fairley states in his affidavit that he "spoke with many of my co-employees while working at Knights' Marine and all indicated they were paid hourly per diems, regardless of where they resided." (Pl. Mot. Ex. A, ECF No. 3-1).

The Court find certification appropriate because Fairley's Complaint and affidavit, along with the affidavits of potential opt-in plaintiffs, provide a sufficient factual showing that Fairley and the potential opt-in plaintiffs were victims of a single decision, policy, or plan. *See, e.g.*, *Owens v. S. Hens, Inc.*, No. 2:07cv28-KS-MTP, 2008 WL 723923, at *3 (S.D. Miss. Mar. 17, 2008).

---

[1] Fairly also recently filed a similar affidavit by potential opt-in plaintiff Luy Van Lu. (*See* ECF Nos. 36-1 and 40-1).

Knights' Marine objects to conditional certification because a nearly identical lawsuit was filed prior to this one, in which the issue of conditional certification of essentially the same class is pending. *St. Amant v. Knights' Marine & Indus. Servs., Inc.*, No. 1:14cv174-HSO-RHW (S.D. Miss. Apr. 21, 2014). The Court declines to withhold certification in this case based on the earlier filed case for a number of reasons. First, multiple lawsuits are permissible under the FLSA. *See Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 603 (E.D. La. 2013) ("[N]either the plain language of Section 216(b) of the FLSA nor the case law precludes a second putative collective action."). The Court is not required to take any action simply because there are two lawsuits asserting the same FLSA rights, although developments may make consolidation desirable at some point. Also, the statute of limitations is a factor in a collective action, as "the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 17 (5th Cir. 2008). Potential opt-in plaintiffs should have the opportunity to assess their claims sooner rather than later.

Knights' Marine objects to consideration of the affidavits by potential opt-in plaintiffs St. Amant, Hammond and Harris, because St. Amant and Hammond are named plaintiffs in the earlier filed lawsuit against Knights' Marine, and all three have submitted affidavits in support of the motion to certify a collective action in that case. (*See St. Amant*, No. 1:14cv174-HSO-RHW, Rebuttal Mem. Ex. 3,4, & 5,

5

ECF Nos. 41-3, 41-4, & 41-5). Regardless of other uses these affidavits may have been put to, they describe the job classification and pay scheme at issue in this case. The affidavits are therefore helpful and relevant to the certification question the Court must address in this case. Disregard of the affidavits is not merited.

## CONCLUSION

For the reasons set out above, Fairley has provided sufficient factual evidence of a pay scheme affecting a class of Knights' Marine employees. The request for certification of this class will be granted, and plaintiff will be granted permission to provide notice of this collective action to potential opt-in plaintiffs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [3] to Conditionally Certify Collective Action and For Court Approved Notice to Potential Plaintiffs, filed by Plaintiff Arthur Fairley is **GRANTED**, and that a **collective class is conditionally certified**, consisting of all current and former Pipefitters, Structural Welders, Pipe Welders, Shipfitters, Electricians and Outside Machinists, who worked for Defendants at any time within the last three (3) years, who worked more than forty (40) hours in one or more workweeks, and who received "per diem" payments that were not included in the calculation of their regular rate (and overtime) each week.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants shall provide to Plaintiff's counsel a list of names and last known mailing addresses (in electronic form) of all potential members of the collective class, as defined above, within 28 days of the date of this Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff shall provide his proposed "Notification" letter and proposed "Notice of Consent to Join" form to all similarly situated employees.

**SO ORDERED AND ADJUDGED** this the 29th day of May 2015.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge